**Amrit SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICES, Respondent.**

No. 01–71721.

INS No. A72–763–816.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2002.[*]

Decided Nov. 8, 2002.

Before McKEOWN and PAEZ, Circuit Judges, and POLLAK,[**] District Judge.

MEMORANDUM[***]

Petitioner Amrit Singh appeals from the Board of Immigration Appeals' ("BIA") denial of his petition for asylum and withholding of deportation. We have jurisdiction under Section 106(a) of the Immigration and Nationality Act, formerly codified at 8 U.S.C. § 1105 a(a). We deny the petition for review.

Initially, we recognize that it is the BIA's decision that is under review here, as it conducted a *de novo* review of the record. *See Leon–Barrios v. INS,* 116

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] Honorable Louis H. Pollak, United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.3d 391, 393 (9th Cir.1997). Singh challenges two determinations made by the BIA, one regarding Singh's credibility and the other regarding a lack of evidence showing a well-founded fear of persecution. The standard for evaluating both challenges is whether the determinations are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (citation omitted). The BIA's decision is subject to reversal only if the evidence presented was such that a reasonable factfinder would have to conclude that a well-founded fear of persecution existed. *See id.* at 481.

Substantial evidence supports both determinations of the BIA. Regarding Singh's credibility, the BIA thoroughly discussed many crucial inconsistencies in Singh's statements regarding his religion, satisfying the requirement that the BIA provide specific and cogent reasons for disbelief that bear a legitimate nexus to the finding of incredibility. *See Osorio v. INS*, 99 F.3d 928, 932 (9th Cir.1996).

Substantial evidence also supports the BIA's determination that Singh did not prove a well-founded fear of persecution *on account of* religious or political persecution. Singh claimed persecution from both the Sikh militants in the Punjab and the Punjab police. Even if credible, these claims are not sufficient, as they are not linked to religious or political persecution, and as "[g]eneral conditions of unrest do not establish a well-founded fear of persecution." *Limsico v. INS*, 951 F.2d 210, 212 (9th Cir.1991).

Finally, Singh questions the Immigration Judge's ("IJ") statement that "this Court is not prepared to grant a Hindu asylum in the United States because under no circumstances given this record can the Court find that he is at risk countrywide."

The IJ also made an earlier statement that "the State Department's report in general states that there is absolutely no reason why a Hindu cannot obtain safe haven in India. They are clearly a majority." Although Hindus are in the majority, we recognize that there may be circumstances in which a Hindu could establish past persecution or a well-founded fear of persecution in India. Nonetheless, it is clear from the record that the IJ considered Singh's particularized situation, including credibility, in making his determination that Singh was not eligible for asylum. In any event, the BIA's *de novo* review of the IJ's legal and factual determinations renders harmless any claimed error on this point. *See Yepes–Prado v. INS*, 10 F.3d 1363, 1366 (9th Cir.1993).

**PETITION FOR REVIEW DENIED.**